BYE, Circuit Judge,
dissenting.
I disagree the officers are entitled to qualified immunity for the tasing death of De Boise. Instead, I believe a jury should determine whether the officers violated De Boise’s Fourth Amendment right to be free from excessive force by continuing to tase De Boise without attempting to handcuff him. I therefore respectfully dissent from Part II of the decision affirming the district court.
The court analyzes only the second prong of the qualified immunity analysis. See Fourte v. Faulkner Cnty., Ark., 746 F.3d 384, 387 (8th Cir.2014) (noting two-part test for qualified immunity). The court concludes the state of the law in 2008 would not have placed an officer on notice he must limit the use of his taser. I believe the law placed an officer on notice he could not continuously tase a suspect when safer alternatives were reasonably available to constrain De Boise in order to effectuate an arrest.
First, construing the facts in the light most favorable to De Boise, I would find a *900 sufficient showing has been made to present to a jury whether the officers violated De Boise’s constitutional rights by continuing to tase him until his eventual death. The use of a taser is not unlimited in scope when dealing with a suspect, even one who is actively resisting. De Boise disobeyed officers’ orders and made some threatening moves. However, De Boise was not carrying a visible or concealed weapon, did not make advances at the officers, and was naked. A jury could conclude, with six armed officers at the scene, it was an unreasonable use of force to continuously tase De Boise rather than handcuff him during the time period De Boise was debilitated during and after each tase. Particularly because De Boise did not have shod feet or any other weapon, a jury could conclude the officers were unreasonable to not make further effort to handcuff De Boise, even if he were swinging his arms or kicking his legs.
Second, I would find the officers were put on notice in 2008 that continuously tasing a suspect until his death was unlawful. To determine whether an action was a clearly established constitutional violation, we look to the state of the law at the time of the incident, and the correct inquiry is whether it is clear to a reasonable officer that his conduct was unlawful. Shekleton v. Eichenberger, 677 F.3d 361, 366-67 (8th Cir.2012). The test does not require “there be a case with materially or fundamentally similar facts,” Brown v. City of Golden Valley, 574 F.3d 491, 499 (8th Cir.2009), but rather merely whether “ ‘it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.’ ” Id. (quoting Saucier v. Katz, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).
“The right to be free from excessive force in the context of an arrest is clearly established under the Fourth Amendment’s prohibition against unreasonable searches and seizures.” Brown, 574 F.3d at 499. A reasonable officer would know only reasonable force can be used to effect an arrest. Although tasing a suspect can be reasonable force in certain circumstances, tasing rises to a “significant level of force.” McKenney v. Harrison, 635 F.3d 354, 364 (8th Cir.2011) (Murphy, J., concurring). Even without a ease decided on materially or fundamentally similar facts, a reasonable officer in 2008 would have known “the use of tasers requires sufficient justification for their use to be reasonable.” Id. There are, and long have been, limits on officers tasing suspects. In Hickey v. Reeder, 12 F.3d 754, 757 (8th Cir.1993), we found an Eighth Amendment violation where a jailor applied a stun gun, and there were six or seven officers present, but the officers failed to “take advantage of [the inmate’s] incapacitation to neutralize any perceived threat to their safety.” We also noted, as relevant to the Eighth Amendment analysis, the officers failed to “remove, isolate, or restrain” the inmate. Id. In this case, the officers were on notice they should have attempted to handcuff De Boise as a safer alternative to tasing De Boise with fifty seconds of electrical shock in just over two minutes of time. It would be clear to a reasonable officer that failing to seize De Boise with reasonable force was unlawful.
Because the officers’ actions are not protected by qualified immunity, I would remand this case for trial where a jury can determine whether it was reasonable the officers continued to tase De Boise until his death and seemingly without taking the available opportunities to handcuff and restrain De Boise.